## PHILLIPS DAYES
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
PRESTON FLOOD, No. 032764
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Vidal; Brandon Warmelink; and Cory Rodriquez<br><br>Plaintiff,<br><br>vs.<br><br>Concrete Finishing, Inc., an Arizona corporation,<br><br>Defendant, | Case No.: _____<br><br>**COMPLAINT** |

Plaintiffs Jaime Vidal, Brandon Warmelink and Cory Rodriquez, for their Complaint against Defendant, allege as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or

representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiffs were residents of Maricopa County, Arizona.

10. At all times material hereto Defendant Concrete Finishing, Inc., is an Arizona corporation with a domestic address located in Maricopa County.

## FACTUAL BACKGROUND

11. At all relevant times, Plaintiffs were "employees" of Defendant.

12. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

13. At all relevant times, each of Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

14. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

15. At all times material to this action, each of Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

16. Plaintiffs engaged in commerce or in the production of goods for commerce and are therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

17. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

18. Defendant Concrete Finishing, Inc., specializes in high-end decorative concrete hardscapes, golf course concrete cart paths, cart path renovations and clubhouse hardscapes.

19. Defendant hired Plaintiff Jaime Vidal in May 2016 as a concrete finisher.

20. Defendant compensated Plaintiff Vidal with an hourly rate of $57.27 per hour worked.

21. Plaintiff Vidal's job duties were to finishing laying out concrete after it had been poured.

22. Plaintiff Vidal worked an average of 65 hours per week during his employment with Defendant.

23. Defendant hired Plaintiff Brandon Warmelink in October 2016 as a carpenter's apprentice.

24. Defendant compensated Plaintiff Vidal with an hourly rate of $51.34 per hour worked.

25. Plaintiff Warmelink's job duties were to set forms, strip out forms and stakes, and occasionally pour and finish concrete.

26. Plaintiff Warmelink worked an average of 65 hours per week during his employment with Defendant.

27. Defendant hired Plaintiff Cory Rodriquez in May 2016 as a concrete finisher.

28. Defendant compensated Plaintiff Rodriquez with an hourly rate of $44.90 per hour worked.

29. Plaintiff Rodriquez's job duties were to finishing laying out concrete after it had been poured.

30. Plaintiff Rodriquez worked an average of 65 hours per week during his employment with Defendant.

31. Plaintiffs were non-exempt employees.

32. Plaintiffs could not hire or fire employees.

33. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

34. Defendant managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

35. Plaintiffs' primary duty was not the performance of work directly related to the management or general business operations of Defendant.

36. Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

37. Defendant did not pay Plaintiffs for hours worked over 40 hours in a week.

38. Defendant did not pay Plaintiffs overtime.

39. Plaintiffs were not commissioned employees.

40. Plaintiffs have retained the law firm of Phillips Dayes Law Firm PC to prosecute their claims against Defendant on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

41. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

42. While employed by Defendant, Plaintiffs worked multiple hours of overtime per week.

43. Plaintiffs were non-exempt employees.

44. Defendant has intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

45. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

46. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

47. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

48. In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

49. On information and belief, Defendant's conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

50. Defendant has not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

 a. Awarding Plaintiffs overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendant, in an amount proved at trial;

 b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

 c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

 d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

  f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

51. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

52. Plaintiffs and Defendant have an overtime compensation dispute pending.

53. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

54. Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

  a. Defendant employed Plaintiffs.

  b. Defendant is engaged in an enterprise covered by the overtime provisions of the FLSA.

  c. Plaintiffs are individually covered by the overtime provisions of the FLSA.

  d. Plaintiffs were not an exempt employee pursuant to the FLSA.

  e. Defendant failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.

  f. Defendant's failures to pay overtime compensation to Plaintiffs were willful.

      g. Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendant at the rate of one and one-half times Plaintiffs' regular rate of pay.

      h. Plaintiffs are entitled to an equal amount as liquidated damages.

      i. Plaintiffs are entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

55. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

56. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant:

      a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

      b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

      c. For such other and further relief as the Court deems just and proper

1 | Dated: February 6, 2018

Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By: /s/ Sean C. Davis
    Trey Dayes
    Sean C. Davis
    Preston Flood

Attorneys for Plaintiff